IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TYLER D. CRIPE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-745-JPG |
| | ) |
| **BRIAN GLIDDENN,** | ) |
| **FAYETTE COUNTY JAIL,** | ) |
| **DR. FATOKI,** | ) |
| **DR. ELYEA, and** | ) |
| **MEGAN TRONE,** | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Tyler D. Cripe, presently detained at the Fayette County Jail,[1] brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983. (Doc. 3). The constitutional violations allegedly occurred while Plaintiff was detained at the Fayette County Jail. In connection with these claims, Plaintiff names Brian Glidden (Fayette County Jail Administrator), Fayette County Jail, Dr. Fatoki, Dr. Elyea, and Megan Trone. (Doc. 3).[2] Fatoki, Elyea, and Trone are described as being the "acting physicians and nurse of the Fayette County Jail." (Doc. 3, p. 2). Plaintiff requests monetary compensation. (Doc. 1, p. 5). In addition, he states he would "like for the procedures at the Fayette County Jail to be corrected and enforced so no other detainee has to go through this." (Doc. 3, p. 6). This case is now before the Court for a preliminary review of the Amended Complaint (Doc. 3) pursuant to 28 U.S.C. § 1915A. Under

---

[1] The Amended Complaint does not specify Plaintiff's legal status at the time of the alleged constitutional violations. Public records available at judici.com suggest that, since February 2017, Plaintiff has been a pretrial detainee in connection with Fayette County Case No. 2017-CF-42.

[2] Plaintiff also mentions "the Sheriff" in his statement of claim in connection with Count 4 ("After two hours the Sheriff opened the door and asked if I had enough library time."). This individual will not be treated as a defendant in this case. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption").

1

Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Amended Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

As a part of screening, the Court is also allowed to sever unrelated claims against different defendants into separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In *George*, the Seventh Circuit emphasized that the practice of severance is important, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *Id.* This practice is encouraged. The Seventh Circuit Court of Appeals has recently warned district courts not to allow inmates "to flout the rules for joining claims and defendants, *see* FED. R. CIV. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). *See also Wheeler v. Talbot*, -- F. App'x --, 2017 WL 2417889 (7th Cir. 2017) (district court should have severed unrelated and improperly joined claims or dismissed one of them). Consistent with *George*, *Owens*, and *Wheeler*, improperly joined parties and/or claims will be severed into new cases, given new case numbers, and assessed separate filing fees.

**The Amended Complaint**

In the Amended Complaint (Doc. 3), Plaintiff makes the following allegations related to (1) failure to provide Plaintiff, who is Jewish, with a kosher diet; (2) deliberate indifference to Plaintiff's medical needs; and (3) law library access.

**A.**     *Kosher Diet*

Plaintiff is Jewish. (Doc. 3, p. 5). Plaintiff requested a religious kosher diet, but his request was refused. Brian Glidden, the Fayette County Jail administrator, has indicated that Plaintiff's request is being denied because when Plaintiff was booked he was intoxicated and refused to answer questions. *Id.* Plaintiff also states that he spoke with Glidden and filled out a request slip directed to him, but nothing was done.

**B.**     *Medical Treatment*

Plaintiff is a veteran who suffers from mental illness, including Post Traumatic Stress Disorder (PTSD). (Doc. 3, p. 5). Prior to being detained at Fayette County Jail, Plaintiff was taking certain prescription medications to treat his mental illness and PTSD. Plaintiff also suffers from asthma and uses an albuterol inhaler. *Id.* Plaintiff has used an albuterol inhaler "since birth." *Id.*

When Plaintiff was booked, he told officials the medications he was taking. *Id.* Plaintiff was not given any prescription medications and was told he would see a physician or a nurse in two weeks. Plaintiff has asked several times to be seen by a physician or a nurse but has not been seen. At some point, Plaintiff was given medication, but it does not help his mental illness and officials have not told Plaintiff what the medication or medications are for. *Id.* Officials have also refused to give Plaintiff an albuterol inhaler. *Id.* Without the inhaler, Plaintiff cannot exercise and sometimes has trouble breathing in the mornings. *Id.*

### C. Law Library

Plaintiff claims detainees and/or inmates at the Jail have "no access" or "limited access" to the law library. (Doc. 3, p. 5). The material that is available is damaged (missing pages) and outdated. *Id.* It often takes days to obtain requested information. *Id.*

On July 12, 2017, Plaintiff filed a grievance regarding law library inadequacies. *Id.* Plaintiff was subsequently removed from his cell and placed in a small library. *Id.* After two hours, the Sheriff opened the locked door and asked Plaintiff if he had enough library time. *Id.* Plaintiff construes this as punishment for his grievance. *Id.*

## Discussion

**Dismissal of Certain Defendants**

*Fayette County Jail*

Section 1983 imposes liability on "any person" who, under color of state law, deprives another of rights protected by the Constitution. In *Monell*, the Supreme Court held that Congress intended municipalities and other local government entities to be included among those persons to whom § 1983 applies. 436 U.S., at 690, 98 S.Ct., at 2035. However, unlike municipalities, a jail is not a legal entity that can be sued under § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (Knox County Jail a "non-suable entity"); *Powell v. Cook County Jail*, 814 F.Supp. 757, 578 (N.D.Ill. 1993) (Cook County Jail is not an entity nor a "person" subject to suit under § 1983). Accordingly, Fayette County Jail shall be dismissed from this action with prejudice.

**Dr. Fatoki, Dr. Elyea, and Megan Trone – "Medical Defendants"**

Dr. Fatoki, Dr. Elyea, and Megan Trone are identified as defendants in Plaintiff's list of

4

defendants (but not in the case caption). With the exception of their job descriptions ("acting physicians and nurse of Fayette County Jail"), no mention of these individuals is made in the body of the Amended Complaint.

Plaintiff's failure to assert a specific act of wrongdoing as to these individuals does not suffice to meet the personal involvement requirement necessary for § 1983 liability. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("to recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."). Therefore, Fatoki, Elyea, and Trone shall be dismissed from this action without prejudice. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

**Designation of Counts**

Based on the allegations of the Complaint, the Court finds it convenient to designate four counts in this *pro se* action. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any claims not addressed herein should be considered dismissed without prejudice from this action.

> **Count 1 –** Brian Glidden denied Plaintiff a religious diet in violation of the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc-1(a)).
>
> **Count 2 –** Deliberate indifference to medical needs claim against Unknown Party for failing to provide Plaintiff with an initial health assessment and failing to provide Plaintiff with prescribed medication for mental illness and asthma (albuterol inhaler).
>
> **Count 3 –** First Amendment denial of access to the courts claim against Unknown Party for inadequate law library access and/or inadequate law library materials.
>
> **Count 4 –** First Amendment retaliation claim against Unknown Party for locking Plaintiff in a small library for two hours as punishment for filing a grievance about the law library.

The alleged constitutional violations at issue in Counts 2, 3, and 4 are not associated with any particular Defendant.[3] Accordingly, Counts 2, 3, and 4 have "Unknown Party" as the defendant. That being said, Plaintiff has brought three distinct sets of claims that appear to be directed against different individuals. These claims do not belong together in a single action. Therefore, the Court will exercise its discretion and sever unrelated claims against different defendants into separate cases. *George,* 507 F.3d at 607.

### Severance

Now, consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever the claim related to Plaintiff's medical care, Count 2, into a separate action and the claims pertaining to the law library, Counts 3 and 4 (which appear, at least tenuously, to stem from the same transaction, occurrence, or series of transactions or occurrences), into another action. These separate actions, for Count 2 and Counts 3 and 4, will have newly assigned case numbers, and shall be assessed filing fees. The severed cases shall undergo preliminary review pursuant to § 1915A after the new case numbers and judge assignments have been made.

Count 1, pertaining to Plaintiff's religious diet, shall remain in this action and shall receive preliminary review below.

### Merits Review - Count 1

The Free Exercise Clause of the First Amendment forbids prison officials from imposing a substantial burden upon the free exercise of religion, unless the burden is reasonably related to a legitimate penological interest. *Kaufamn v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). The claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA")), essentially

---

[3] Plaintiff may have intended to direct Count 4 at an individual identified in the statement of claim as "the Sheriff." However, this individual is not included in the case caption. Because he was not listed in the case caption or list of defendants, this individual will not be treated as a defendant in this case. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption"). As such, Count 4 also has "Unknown Party" as a defendant.

mirrors the First Amendment free exercise claim. *See Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). RLUIPA also applies a "substantial burden" standard, but requires that the burden be the least restrictive means serving a compelling governmental interest. *Id*. Prison officials are not the religious police, determining orthodoxy and apostasy. *See Reed v. Faulkner*, 842 F.3d 960, 963 (7th Cir. 1988); *see also Korte v. Sebelius*, 735 F.3d 654, 68283 (7th Cir. 2013).

The Amended Complaint generally states a colorable First Amendment and RLUIPA claim as to Glidden, who allegedly participated in denying Plaintiff's request for a religious diet. For these reasons, Count 1 shall proceed as to Glidden.

### Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 4), which shall be referred to a United States Magistrate Judge for disposition.

Plaintiff has filed a letter with the Court (Doc. 10), inquiring if he needs to initiate service of process by filing a motion. Plaintiff was granted leave to proceed *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Accordingly, the Court will order service as a matter of course upon all defendants who remain in this action pursuant to this screening order. No motion is necessary.

### Disposition

**Dismissal of Certain Defendants**

**IT IS HEREBY ORDERED** that Defendant **FAYETTE COUNTY JAIL** is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **FATOKI, ELYEA,** and **TRONE** are **DISMISSED** from this action without prejudice for failure to state a claim upon which relief can be granted.

**Severance**

　　**IT IS FURTHER ORDERED** that **COUNT 2,** which is unrelated to **COUNT 1, is SEVERED** into a new case against **UNKNOWN PARTY**.

　　**IT IS FURTHER ORDERED** that **COUNTS 3** and **4,** which are unrelated to **COUNT 1,** are **SEVERED** into a new case against **UNKNOWN PARTY**.

　　**IT IS FURTHER ORDERED** that the *only claim remaining in this action, is COUNT 1.*

**Newly Severed Cases**

　　The claims in the newly severed cases shall be subject to screening pursuant to 28 U.S.C. § 1915A after the new case number and judge assignment is made. In the new cases, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Amended Complaint (Doc. 3);
- Plaintiff's motion to proceed *in forma pauperis* (Doc. 5); and
- Plaintiff's trust fund account statement (Doc. 8).

　　Plaintiff **will be responsible for an additional $350 filing fee** in each newly severed case.[4] No service shall be ordered in the severed cases until the § 1915A review is completed.

**Merits Review of Count 1 – the Only Claim Remaining in This Case**

　　**IT IS FURTHER ORDERED** that **COUNT 1** shall receive further review as to **GLIDDEN.**

　　This case shall now be captioned: **TYLER D. CRIPE**, Plaintiff vs. **BRIAN GLIDDEN** (Fayette County Jail Administrator), Defendant.

　　With respect to **COUNT 1, the** Clerk of Court shall prepare for **GLIDDEN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of

---

[4] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, unless pauper status is granted.

Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 4). Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C.

§ 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 18, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**